UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:09-CR-0016-LRH-VPC |
| v. | |
| JASEN L. DUSHANE, | ORDER |
| Defendant. | |

Before the court is defendant Jasen L. Dushane's ("Dushane") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 109. The United States filed an opposition to the motion. ECF No. 114.

Also before the court are defendant Dushane's motion to proceed *in forma pauperis* (ECF No. 110) and motion for appointment of counsel (ECF No. 113).

I.  **Facts and Background**

On October 13, 2009, the court sentenced Dushane to two years' imprisonment based on his guilty plea to aggravated identity theft in violation of 18 U.S.C. § 1028A. ECF No. 41. Dushane served his time and was eventually released from prison. After his release, Dushane violated his conditions of supervised release. On September 12, 2014, the court imposed a one-year sentence against Dushane for two separate violations of supervised release and ordered Dushane to serve the sentence consecutively with a separate sentence imposed by the Eastern District of California for an

offense that he committed in that district. ECF No. 90. Dushane appealed his conviction and sentence for violating the conditions of his supervised release which was ultimately upheld by the Ninth Circuit. ECF No. 104. Thereafter, Dushane filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 109.

## II.     Motion to Vacate Sentence (ECF No. 109)

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion, Dushane argues that he is entitled to post-conviction relief under Section 2255 for two reasons: (1) that has was improperly sentenced for the same crime in violation of double jeopardy; and (2) ineffective assistance of counsel. ECF No. 109. The court has reviewed Dushane's motion and finds that it is without merit.

First, "[s]ection 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction." *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) (internal citations omitted); *see also, United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent §2255 petition."). Here, Dushane directly appealed his sentence for the supervised release violations and raised the same double jeopardy argument before the Ninth Circuit. Further, the Ninth Circuit explicitly rejected Dushane's argument, finding that "the sentence was neither substantively unreasonable nor the result of impermissible double counting." *United States v. Dushane*, 623 Fed. Appx. 335 (9th Cir. 2015) (unpublished). Because Dushane had a full and fair

///

opportunity to litigate this challenge in his direct appeal, he is barred from rearguing it on collateral review. *United States v. Davis*, 417 U.S. 333, 342 (1974).

Second, the court finds that Dushane's counsel was not constitutionally ineffective in this action. The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant's counsel is presumed competent. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). Thus, to establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Further, a counsel's conduct or action is not deficient when made for tactical or strategic reasons that were not "outside the wide range of professionally competent assistance." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996).

In his motion, Dushane contends that his former counsel was constitutionally deficient because counsel "released on the record confidential attorney client communication[s]" to the court by explaining to the court at sentencing Dushane's reasons for not admitting to the supervised release violations. *See* ECF No. 109. However, Dushane has failed to show that his counsel acted unreasonably or unprofessionally by advising the court that the reason Dushane chose to not admit to the violations of supervised release was to preserve the viability of Dushane's appeal of his conviction in the Eastern District of California. Such an admission was a tactical decision of counsel to provide information to the court during sentencing. As such, the court cannot find that

counsel's conduct was "outside the range of professionally competent assistance." *Quintero-Barraza*, 78 F.3d at 1348. Further, Dushane has failed to show that counsel's actions prejudiced him in any way or manner in this action. No additional charges or sentencing enhancements were considered by the court because of counsel's statement. Nor was Dushane's sentence effected in any way by counsel's admission. Thus, Dushane has failed to establish that counsel's performance was constitutionally deficient or that he was prejudiced by that conduct. Accordingly, the court shall deny Dushane's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### III.     Motion to Proceed *In Forma Pauperis* (ECF No. 110)

The court has reviewed Dushane's petition to proceed *in forma pauperis* on his § 2255 motion along with the attached financial information and finds that he has satisfied the requirements for financial hardship. It is clear Dushane is not financially able to meet the filing requirements for post-conviction filings. Therefore, good cause appearing, the court shall grant Dushane's motion and allow him to seek post-conviction relief without the prepayment of fees or costs.

### IV.     Motion for Appointment of Counsel (ECF No. 113)

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Dushane's underlying §2255 motion are not complex and Dushane has made no showing as to why denial of counsel would amount to a denial of due process. Further, the court has reviewed Dushane's underlying §2255

4

motion above and finds that it is without merit. Therefore, the court shall deny Dushane's motion for appointment of counsel.

### V. Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Dushane has not shown a denial of a constitutional right in his motion. In denying his motion, the court notes that Dushane has failed to raise a meritorious challenge to his conviction and sentence based on ineffective assistance of counsel. *See Supra*, Section II. As such, the court finds that Dushane has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Dushane a certificate of appealability as to his motion to vacate sentence pursuant to U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 109) and motion for appointment of counsel (ECF No. 113) are DENIED.

IT IS FURTHER ORDERED that defendant's motion to proceed *in forma pauperis* (ECF No. 110) is GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that defendant is DENIED a certificate of appealability.

IT IS SO ORDERED.

DATED this 9th day of August, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE